**Michael A. KROLL, Plaintiff**

**v.**

**UNITED STATES CAPITOL POLICE,
et al., Defendants.**

Civ. A. No. 81–0171.

United States District Court,
District of Columbia.

June 22, 1987.

Arthur B. Spitzer, ACLU, Joseph M. Sellers, Washington, D.C., for plaintiff.

R. Craig Lawrence, Asst. U.S. Atty., Washington, D.C., for defendants.

## SUPPLEMENTAL OPINION

JOHN GARRETT PENN, District Judge.

This case came before the Court on the defendants' motion to dismiss or, the alternative, for summary judgment and the plaintiff's cross-motion for partial summary judgment on the issue of liability. After giving careful consideration to the motions, the Court ruled that the plaintiff should not have been arrested for holding a banner without a permit on the steps of the United States Capitol Building during a public ceremony and that he was entitled to recover damages in an amount commensurate with his actual loss for having been unlawfully arrested while exercising his First Amendment rights. *Kroll v. United States Capitol Police*, 590 F.Supp. 1282 (D.C.Cir. 1983).[1] The defendants appealed that determination. After argument, the Court of Appeals remanded the case to this Court for a statement of the reasons this Court implicitly rejected the claim of the individual defendants (appellees) to qualified immunity. *See Kroll v. United States Capitol Police*, No. 83–2014 (D.C.Cir. January 29, 1985). This Supplemental Opinion constitutes the Court's response to that remand.

While the Court did not cite to *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73

---

**1.** The Court will cite to its published Opinion but notes that the Opinion may also be found in the appellate Joint Appendix at 5–29.

L.Ed.2d 396 (1982), it referred to defendants' claims of qualified immunity and applied the *Harlow* standards in rejecting those claims. The Court now briefly elaborates on the claims of qualified immunity.

In *Harlow* the Supreme Court recognized that governmental officials may be entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818, 102 S.Ct. at 2738 (citations and footnote omitted). "If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.*

Turning to the facts of this case the Court observed that:

> [P]laintiff's presence did not obstruct traffic, pedestrian or vehicular, nor did he promote confusion or otherwise interfere with the orderly proceeding of the ceremony. Moreover, plaintiff did not compete with the ceremony by imposing his views to the exclusion of the other messages. He did not speak, and thus interfere; he merely held a banner. Anyone who did not want to receive his message could simply avert his/her eyes.

*Kroll*, 590 F.Supp. at 1288–89. The Court also observed that:

> When plaintiff was confronted by Capitol Police officers he inquired whether the approximately twelve other individuals holding banners and signs in the vicinity of the ceremony had permits to demonstrate. He was informed that they did not but their conduct was not proscribed because their messages *did not conflict with the spirit of the ceremony.*

*Id.* at 1291–92 (emphasis supplied). It is undisputed that no permit was issued for the ceremony because it was held pursuant to a Senate Resolution.[2] Since the twelve individuals who also carried signs were not arrested because their signs were in support of the major demonstration, it is clear that the plaintiff was singled out *due to the content of his expression.*

This Court went on to note that "[i]t is a rudimentary, yet fundamental principle of constitutional law that any restriction on expressive activity because of its content is repugnant to the constitution". *Id.* (citation omitted). The Court noted further that "while federal officers are not 'charged with predicting the course of constitutional law,' *Pierson v. Ray*, 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967), they may not ignore or disregard well settled constitutional rights." *Id.* at 1294 (footnote omitted). Finally the Court noted that the officers must show "an honest belief that plaintiff was violating the laws and that this belief was reasonable in light of the facts and law *at that time." Id.* (citation omitted and emphasis supplied).

It is clear that even if the permit system was valid on its face, and even if it would have been valid as applied to plaintiff at the time and place of his arrest if there had been no other bystanders holding signs, the defendants were not free to apply it to the plaintiff but not to other persons who were engaging in the same activity at the same time, in the same place, and in the same manner, *simply because the opinion expressed by the plaintiff's sign differed from the opinions expressed by the others.* This principle was so clearly established at the time of plaintiff's 1980 arrest that any "reasonably competent public official," and certainly any officer of the United States Capitol Police, whose daily business involves interaction with people exercising First Amendment rights, "should [have] know[n] th[at] law." *See Harlow,* 457 U.S. at 819, 102 S.Ct. at 2738. The

---

**2.** Nothing in the Senate Resolution authorizing the ceremony provided the police with any basis on which to conclude that plaintiff's sign was less permissible than the signs held by the other bystanders. The resolution states simply that the ceremony "shall be open to the public." 126 Cong.Rec. S.575 (Jan. 29, 1980), reprinted in Joint Appendix at 56. Thus, plaintiff's arrest was based simply on the police officers' opinion that plaintiff's sign was inappropriate, not on any legislative judgment to that effect.

Supreme Court has spoken to this issue in *Police Department of City of Chicago v. Mosley*, 408 U.S. 92, 94, 92 S.Ct. 2286, 2289, 33 L.Ed.2d 212 (1972) (city ordinance prohibiting all picketing within 150 feet of a school, *except* peaceful picketing of any school involved in labor dispute is unconstitutional because it makes an impermissible distinction between peaceful labor picketing and other peaceful picketing); *Schacht v. United States*, 398 U.S. 58, 62–63, 90 S.Ct. 1555, 1558–1559, 26 L.Ed.2d 44 (1970) (statute making it an crime for an actor wearing a military uniform to say things during his performance critical of the conduct or policies of the Armed Forces violates the Constitution); *Niemotko v. State of Maryland*, 340 U.S. 268, 272, 71 S.Ct. 325, 328, 95 L.Ed.2d 267 (1951) (refusal to issue park permits to members of the Jehovah's Witnesses for Bible talks when other religious and political groups had been allowed to use park for similar purposes violates Constitution).

In sum, the record is clear that the plaintiff was not causing any disturbance, that he held a sign up like twelve other persons, but that he alone was arrested because the police viewed his sign as being in conflict with the spirit of the ceremony. The other persons who were holding signs containing messages not in conflict with the spirit of the ceremony were not arrested. It is clear then that the only basis for the arrest was that the plaintiff was singled out for the content of his expression. It is undisputed that had his sign been the same as the twelve other persons also holding signs, he would not have been arrested.

The record is also clear that his actions were protected constitutionally and that the prohibition against arresting persons exercising those rights should have been known to the officers; especially officers of the United States Capitol Police on the grounds of the United States Capitol.[3] Their actions violated clearly established constitutional rights which a reasonable person should have known. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. This being so, the officers are not shielded from liability and are not protected by the doctrine of qualified immunity. It is for this reason that the Court concluded that the Capitol Police Officers could be held liable under the facts of this case.

An order returning this case to the United States Court of Appeals for the District of Columbia Circuit has been entered.

---

3. A place where citizens often appear to petition their government.